IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1:22-cv-11805 |
| v. | ) |
| SABINA NOERING, a/k/a SABINE NOERING; REIS L. ALFOND; and, TOWN OF COHASSET, | ) |
| Defendants. | ) |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Sabina Noering, also known as Sabine Noering, and (2) enforce the federal tax liens against certain real property belonging to her. For its complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Sabina Noering, also known as Sabine Noering, resides in Norfolk County, Massachusetts, within the jurisdiction of this Court.

3. The defendant Reis L. Alfond is joined as a party because he may have a lien or claim an interest in the property described below.

4. Defendant Town of Cohasset, Massachusetts, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and

to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

5.  The real property upon which the United States seeks to enforce its tax liens (the "Property") is located at 79 North Main Street, Units 4 and 5A, Cohasset, MA 02025, and has a legal description as follows:

> The dwelling unit (the "Unit") located on Sohier and North Main Streets in Cohasset, Norfolk County, Massachusetts and known as UNIT NO. 4 in Building No. 1 (one) of a Condominium known as "COHASSET COMMONS ESTATE CONDOMINIUM" created by a Master Deed dated April 27, 1981, recorded with Norfolk County Registry of Deeds in Book 5865, Page 16, in accordance with and subject to the provisions of Massachusetts General Laws Chapter 183A, together with a 26.8519% undivided interest in the common areas and facilities (the common elements) as described in said Master Deed; and
>
> The dwelling unit (the "Unit") located on Sohier and North Main Streets in Cohasset, Norfolk County, Massachusetts and known as UNIT NO. 5A in Building No. 2 (two) of a Condominium known as "COHASSET COMMONS ESTATE CONDOMINIUM" created by a Master Deed dated April 27, 1981, recorded with Norfolk County Registry of Deeds in Book 5865, Page 16, in accordance with and subject to the provisions of Massachusetts General Laws Chapter 183A, together with a 26.8519% undivided interest in the common areas and facilities (the common elements) as described in said Master Deed.
>
> The two dwelling Units described above (hereinafter the "Units") are shown on the floor plans of the buildings filed simultaneously with the Master Deed in said Norfolk Registry of Deeds, to which is affixed the verified statement of a registered professional Engineer in the form required by Section 9 of Chapter 183A; to which plan reference is hereby made for a more particular description of the Units.
>
> The Condominium is comprised of the land, with the buildings, improvements, and structures thereon, all as shown on a plan entitled, "PLAN OF COHASSET COMMONS ESTATE CONDOMINIUM, COHASSET, MASS. DRAWN FOR WILLIAM J. CHASE AND ROSEMARY F. CHASE, SCALE 1" = 20' JANUARY 7, 1981. STENBECK & TAYLOR, INC., ENGINEERS, MARSHFIELD, MASS."   Said Plan is recorded with Norfolk County Registry of Deeds as Plan No. 376 of 1981.

Subject to restrictions and easements of record insofar as the same are in force and applicable.

Meaning to describe the property conveyed to Sabine Noering, individually, by Unit Deed of Power Family LLC, dated May 28, 2021, and recorded with the Norfolk County Registry of Deeds as document number 72862, at Book 39474, Pages 362-64, on June 3, 2021.

## COUNT ONE
**(Claim Against Sabina Noering to Reduce Income Tax Liabilities to Judgment)**

6. The United States incorporates by reference paragraphs 1 and 2 as if specifically realleged herein.

7. A delegate of the Secretary of the Treasury made assessments against Sabina Noering for income taxes for the periods, on the dates, and in the amounts described below. These liabilities will have balances due as of October 10, 2022, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, or penalties for failure to make estimate tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Tax Amount Assessed | Balance Due 10/10/2022 |
|---|---|---|---|
| 12/31/2005 | 07/05/2010 | $107,797.00 | $220,109.93 |
| 12/31/2006 | 06/14/2010 | $75,213.00 | $30,393.08 |
| 12/31/2007 | 07/26/2010 | $48,443.00 | $125,753.76 |
| 12/31/2009 | 06/14/2010 | $16,960.00 | $33,630.56 |
| Total | | | $409,887.33 |

8. Notice of the liabilities described in paragraph 7 was given to, and payment demanded from, Sabina Noering.

9. Despite proper notice and demand, Sabina Noering failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, she remains liable to the United States in the amount of $409,887.33 as of October 10, 2022, plus statutory additions and interest accruing from and after October 10, 2022.

10. Sabina Noering submitted three offers in compromise pursuant to 26 U.S.C. § 7122 for, as relevant here, the income tax periods ending December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2009, all of which were ultimately rejected:

    a) The first offer in compromise was pending from September 3, 2010, through February 25, 2011.

    b) The second officer in compromise was pending from March 15, 2011, through June 2, 2011.

    c) The third offer in compromise was pending from October 12, 2011, through June 12, 2013.

11. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was tolled pursuant to 26 U.S.C. § 6331(i) and (k) for the income tax periods ending December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2009.

## COUNT TWO
**(Claim Against All Parties to Enforce Federal Tax Liens Against the Property)**

12. The United States incorporates by reference paragraphs 1 through 11 as if specifically realleged herein.

13. Sabina Noering, also known as Sabine Noering, purchased the Property, as recorded on June 3, 2021, for $790,000.00. The deed was recorded with the Norfolk County Registry of Deeds at Book 39474, Pages 362-64.

14. Because Sabina Noering neglected, refused, or failed to pay the liabilities described in paragraph 7, after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property owned or later acquired by Sabina Noering, including the Property.

15. In accordance with 26 U.S.C. § 6323(f), a Notice of Federal Tax Lien ("NFTL") securing the liabilities described in paragraph 7 was recorded with the Norfolk County Registry of Deeds on March 16, 2011 at Book 28672, Page 233.  Although the liens described in the NFTL self-released because the NFTL was not timely re-filed, the releases were revoked by a Revocation of Certificate of Release of Federal Tax Lien recorded with the Norfolk County Registry of Deeds on June 21, 2022 at Book 40625, Page 551, and the liens were thereby reinstated.  A NFTL was re-filed with the Norfolk County Registry of Deeds on July 5, 2022 at Book 40662, Page 254.

16. The United States is entitled to enforce the federal tax liens described in paragraphs 14 and 15 against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to the Town of Cohasset,

Massachusetts, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A.      Judgment against the defendant Sabina Noering, also known as Sabine Noering, for the income tax periods ending December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2009, in the amount of $409,887.33, plus statutory additions and interest accruing from and after October 10, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.      A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Property;

C.      An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, the Town of Cohasset, Massachusetts, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above in paragraph A, except to the extent that the Court determines that another party has a superior right, title, or interest; and,

-7-

    D.    The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Isabelle Dietz*
ISABELLE DIETZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.   20044
(202) 514-3714/Fax: (202) 514-5238
Isabelle.Dietz@usdoj.gov

Local Counsel:

RACHAEL ROLLINS
United States Attorney